John McNeil Burns v. Commissioner.
Burns v. Commissioner
Docket No. 3623.
United States Tax Court
1945 Tax Ct. Memo LEXIS 313; 4 T.C.M. (CCH) 143; T.C.M. (RIA) 45048; January 31, 1945
*313 John McNeil Burns, pro se. Philip M. Clark, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in income tax for 1941 in the amount of $223.72. The question in issue is whether the profit realized by the petitioner from the sale of real estate in 1941 was from the sale of a capital asset. [The Facts] The petitioner has been a practicing attorney in the City of Detroit since 1907. His income from his law practice has been in excess of his personal requirements and a portion of such excess has been invested in improved real estate from which he has derived substantial rents. At the beginning of 1941 he owned 13 parcels of real estate from which he was receiving rents. In 1941 he sold at a profit of $2,380.66 a twofamily flat hereinafter referred to as the Webb Avenue property, which he had purchased in 1932. In his income tax return for 1941 the petitioner treated this profit as having been realized from the sale of a capital asset held for a period of more than two years and included in his gross income 50 percent of such profit. The respondent has determined that the property held *314 was not a capital asset and has included the full amount of the gain in the petitioner's gross income. The petitioner has never devoted any appreciable amount of his time to his investments or to the management of his real estate. This work has all been attended to by a real estate concern which secured tenants, collected rents, and attended to the necessary repairs upon the real estate at a flat sum per month. The petitioner received a statement of account and a check for the balance due him each month from the real estate concern. The petitioner has never been engaged in the business of buying and selling real estate at a profit. His investments in real estate have been solely for the purpose of securing an income therefrom. He has never advertised any of his properties for sale. The only sale which he has ever made of rented real estate was in 1941 when he sold the Webb Avenue property. The respondent has held that the entire amount of gain realized by the petitioner from the sale of the Webb Avenue property in 1941 constituted ordinary income includable in gross income to the full amount thereof, stating in his deficiency notice: Fifty per cent (50%) of the profit from *315 sale of rental property was included in your taxable income as long-term capital gain. The entire amount of $2,380.66 realized on the transaction is here included and the reported long-term gain is eliminated. Inasmuch as you were operating and using the property sold during the taxable year for the production of income and as the property is of a character which is subject to allowance for depreciation, it is held that the gain derived from the sale constitutes ordinary income. Section 117 (a) (1), Internal Revenue Code. The facts in this case are not materially different from those which obtained in John D. Fackler, 45 B.T.A. 708; affd. C.C.A., 7th; 133 Fed. (2d) 509. Fackler was a practicing attorney in the City of Cleveland, Ohio, who was the owner of a 99-year leasehold on property which he devoted exclusively to rental purposes. He was a busy and successful lawyer and devoted all of his time to the practice of his profession. We held, however, that since all of the property sold by the taxpayer in 1938 was real estate upon which the taxpayer was entitled to a deduction for depreciation, the property sold was not a capital asset *316 and that the gain realized from the sale was taxable to the full amount thereof. We said: The rule deducible from the above decisions [a number of decisions had been cited], is that, where the owner of depreciable property devotes it to rental purposes and exclusively to the production of taxable income, the property is used by him in a trade or business and depreciation is allowable thereon. * * * We are of the opinion that the respondent did not err in including the entire amount of the gain from the sale of the Webb Avenue property as taxable income of the petitioner for 1941. Decision will be entered for the respondent.